**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4709**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EZAU YANEZ-HERNANDEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (7:08-cr-00106-D-1)

Submitted:  February 18, 2011        Decided:  March 15, 2011

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ezau Yanez-Hernandez appeals the 156-month sentence he received after pleading guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). On appeal, Yanez-Hernandez argues that the district court violated his Fifth Amendment rights by considering his failure to cooperate with investigators in determining his sentence. He also contends that the sentence was greater than necessary under 18 U.S.C. § 3553(a) (2006). We affirm.

Because Yanez-Hernandez did not raise his Fifth Amendment claim in the district court, we review for plain error. United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010). "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." Id. at 577. Even when a defendant meets these three criteria, we "may exercise [our] discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

As support for his claim that the district court violated his Fifth Amendment rights at sentencing, Yanez-

2

Hernandez relies on Mitchell v. United States, 526 U.S. 314 (1999). We conclude, however, that Yanez-Hernandez's reliance on Mitchell is misplaced. Instead, it appears that neither the Supreme Court nor this court has addressed the Fifth Amendment issue Yanez-Hernandez raises, and other circuit courts have reached different conclusions. Thus, in the absence of mandatory authority to the contrary, Yanez-Hernandez cannot show that any error was plain. See Lynn, 592 F.3d at 577; United States v. Reid, 523 F.3d 310, 316 (4th Cir. 2008) ("An error is clear or obvious when the settled law of the Supreme Court or this circuit establishes that an error has occurred.").

Yanez-Hernandez also argues that his sentence was excessive. Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must properly calculate the Guidelines range, treat the Guidelines as advisory, consider the § 3553(a) factors, and explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. We presume that a sentence within the properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Rita v. United States, 551 U.S. 338, 347 (2007) (upholding application of rebuttable

3

presumption of correctness of within-Guidelines sentence). Yanez-Hernandez has failed to show unreasonableness in the district court's determination that aggravating circumstances, such as the quantity of drugs and scope of the enterprise, outweighed the factors offered in mitigation.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED