**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4204**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES HENRY STRONG, a/k/a Pappy,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:12-cr-00084-BO-1)

Argued:  March 20, 2018                                             Decided:  April 6, 2018

Before MOTZ, TRAXLER, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Sonya Maria Allen, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Henry Strong appeals a 24-month sentence imposed by the district court after the court concluded he had violated the terms of his supervised release. We affirm.

I.

In 2012, Strong pled guilty to two counts of distribution of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) (2012), and 18 U.S.C. § 2 (2012). The court sentenced him to 48 months in prison and 36 months of supervised release.

On December 24, 2014, Strong began to serve his supervised release term. Less than two years later, in October 2016, Strong's probation officer petitioned the district court to revoke the supervised release term and arrest Strong. The officer alleged that Strong had violated the terms of his supervision by selling or delivering heroin and had been charged for this crime in North Carolina state court.

The district court issued a warrant, and authorities arrested Strong on March 3, 2017. Upon his arrest, police discovered heroin on Strong's person and a digital scale, three cell phones, and $2,210 in cash inside his vehicle. The State subsequently charged Strong with additional drug crimes, and the probation officer filed an amended revocation request reflecting this second violation.

At the revocation hearing on March 28, 2017, Strong did not contest the two revocation violations. The Government then presented evidence, and the district court subsequently found that Strong had violated the terms of his supervised release. Turning

3

to sentencing, the probation officer explained that "the normal guideline range in this case would be 30 to 37 months," but that the "statutory maximum" was 24 months. The district court afforded defense counsel an opportunity to speak. Defense counsel noted, *inter alia*, that Strong had served all of his sentence; participated in a drug rehabilitation program; obtained employment; suffered an injury; and was married and had children. Defense counsel argued, "the guideline range is so high here, we would just ask if there's any way you could go below the guideline range and give him a chance to get out and hopefully take care of his family."

Strong then made a personal statement. Before he got very far, however, the district court urged him to "do the right thing," chastised him for not providing information as to his sources of heroin, and wondered aloud who he might be "protecting" by his refusal to speak. In response, Strong explained that he did not cooperate with law enforcement because he did not want to be labeled a "snitch." The court concluded that this meant Strong preferred prison to being a snitch. The court suggested that Strong's reluctance to cooperate was what was "putting [him] in jail." The court sentenced Strong to 24 months in prison. Defense counsel responded, "Thank you, Your Honor," and the revocation hearing ended.

## II.

On appeal, Strong claims the revocation sentence is plainly unreasonable, because the district court relied on an impermissible factor — his refusal to provide information about his sources of illegal drugs — when determining his sentence. Appellant's Br. at

4

13. Counsel maintains that by "exhort[ing] [Strong] to come clean and give up his drug connection," the district court effectively asked him to "admit his involvement in narcotics dealing" and thus "incriminate himself." When he refused to do so, the court concluded Strong "should receive the maximum sentence of imprisonment," because he had "chosen to exercise his rights under the Fifth Amendment." That is, the district court purportedly erred "by requiring Mr. Strong to implicate himself in drug dealing in order to receive 'mercy' on the revocation sentence." Contending that the sentence is procedurally and substantively unreasonable, Strong asks us to vacate it. *Id.* at 17–18.

We can grant relief only if we find the district court plainly erred in imposing the sentence. Plain error review applies because Strong never voiced his Fifth Amendment concerns to the district court. In fact, neither Strong nor his counsel lodged any objections — let alone objections related to the Fifth Amendment or the district court's colloquy with Strong — during the revocation hearing. *See United States v. Hargrove*, 625 F.3d 170, 184 (4th Cir. 2010) (applying plain-error review where the defendant argued for the first time on appeal that the district court erred by considering an "improper factor" — that the defendant had exercised his right to a trial — during a post-conviction sentencing hearing); *United States v. Bennett*, 698 F.3d 194, 199 (4th Cir. 2012) (applying plain-error review, because the defendant "did not object at the revocation hearing on the grounds asserted" on appeal).

Because plain-error review applies, Strong bears the burden of establishing (1) that the district court erred; (2) that the error was "plain"; (3) that the error affected the outcome of the district court proceedings; and (4) that this court should not exercise its

5

"discretion to deny relief" because doing so would not "result in a miscarriage of justice." *Bennett*, 698 F.3d at 200 (internal quotation marks omitted). Strong cannot meet this heavy burden, because it requires him to show, *inter alia*, that the district court "plainly" erred by imposing a sentence that runs afoul of clearly settled law. *See id.*; *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017).

Neither the Supreme Court nor this court have yet determined whether a district court violates the Fifth Amendment by imposing a harsher sentence in light of a defendant's failure to cooperate. *See United States v. Yanez-Hernandez*, 416 F. App'x 322, 323 (4th Cir. 2011). Our sister circuits have reached different conclusions. *Compare United States v. Price*, 988 F.2d 712, 722 (7th Cir. 1993) (concluding that district courts are "free to consider a defendant's lack of cooperation in assigning a sentence within the Guidelines range"), *with United States v. Safirstein*, 827 F.2d 1380, 1388 (9th Cir. 1987) ("[A] sentencing judge may not penalize the exercise of a defendant's privilege against self-incrimination by enhancing his sentence based upon the defendant's failure to cooperate by implicating other persons or otherwise admitting guilt to crimes with which he is not charged."). Because there is no binding authority on point and other circuits are divided on this issue, the district court did not commit plain error.

III.

For the foregoing reasons, the judgement of the district court is

*AFFIRMED*.

6